UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SARA GRIMES,**

**Plaintiff,**

**v.**                                                             **Case No:  6:14-cv-244-Orl-41KRS**

**THE STATE OF FLORIDA,**

**Defendant.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's, the State of Florida, Motion to Dismiss. (Doc. 18). Plaintiff Sara Grimes filed a Response (Doc. 23) and a Supplement (Doc. 24) to her Response. For the reasons stated herein, Defendant's Motion to Dismiss will be granted and Plaintiff's Amended Complaint will be dismissed with prejudice.

### I.     PROCEDURAL BACKGROUND

Plaintiff filed her first Complaint *pro se* on February 12, 2014, alleging that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. (Compl., Doc. 1, at 23–25, 28). Plaintiff also sought to proceed *in forma pauperis*. (Appl. to Proceed, Doc. 2, at 1). United States Magistrate Judge Karla Spaulding issued a Report and Recommendation (Doc. 4) on March 12, 2014, recommending that the Complaint be dismissed without prejudice and that Plaintiff's Application to Proceed in District Court Without Paying Fees or Costs be denied without prejudice. The Report and Recommendation was adopted and confirmed in full by Court Order (Doc. 8) on April 1, 2014.

Plaintiff did not file an objection to Magistrate Judge Spaulding's Report and Recommendation. Instead, Plaintiff filed a purported Amended Complaint (Doc. 5) on March 28, 2014. The Court accepted this filing as Plaintiff's Amended Complaint. (Order at 2). In her Response to the Motion to Dismiss, Plaintiff claims that the Amended Complaint "was actually a response filed in opposition to the Magistrate's Report." (Resp. at 1 n.1). Plaintiff asserts substantially similar claims in her Amended Complaint as were asserted in her Complaint based on alleged violations of the ADA and the Constitution. (Am. Compl. ¶¶ 118–128). Furthermore, Plaintiff does not challenge the use of the Amended Complaint as the operative complaint in this action, thus the Court finds that it is the proper subject of the present Motion to Dismiss.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that she was diagnosed as having a disability in 2005 and is a disabled individual with spine and hand medical disabilities. (Am. Compl. ¶¶ 1, 28). Plaintiff, through counsel, filed a personal injury action in State court in 2007. (Compl. ¶ 9).[1] Plaintiff's counsel subsequently withdrew from the representation, and Plaintiff proceeded *pro se*. (*Id.*). During the pendency of the state court case, Plaintiff was involved in an automobile accident, which resulted in additional or aggravated medical problems. (*Id.* ¶ 10).

During the pendency of the State court case, Plaintiff made many requests for accommodations, including continuances, telephonic hearings, court-appointed counsel, a court reporter, and the assignment of a disability coordinator, all of which were denied. (*Id.* ¶¶ 20, 22, 26, 30). Plaintiff submitted written requests for accommodations and provided the State court with

---

[1] Although the Amended Complaint is the operative complaint, Plaintiff did not fully allege the factual background of her claims in the Amended Complaint. *Pro se* litigants are entitled to liberal construction of their pleadings. *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992). Accordingly, the Court will treat all facts contained in the Complaint which are not contradicted by the Amended Complaint, as having been fully alleged in the Amended Complaint.

medical documentation. (*Id.* ¶¶ 11–12, 16, 20, 30, 39). In total, the State court denied over thirty accommodation requests without comment and without providing alternative accommodations. (*Id.* ¶ 21). On September 27, 2011, the State court dismissed Plaintiff's case as a sanction. (*Id.* ¶ 40).

Plaintiff appealed the dismissal to the Florida Fifth District Court of Appeal ("DCA") challenging the trial court's assessment of her medical condition and seeking review of her file by a disability coordinator. (*Id.* ¶ 42–43). The DCA *per curiam* affirmed ("PCA") the trial court and denied Plaintiff's request for a written opinion. (*Id.* ¶¶ 43, 45–46). Plaintiff appealed to the Florida Supreme Court. (*Id.* ¶ 49, 52). Specifically, Plaintiff appealed the PCA decision of the DCA and also filed a motion for mandamus requesting an order directing the trial court to employ the services of a disability coordinator. (*Id.* ¶¶ 49–52). The Florida Supreme Court declined jurisdiction over all of Plaintiff's filings, citing the PCA. (*Id.* ¶¶ 54, 56).

## III.   LEGAL STANDARD

In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.   ANALYSIS

Plaintiff's Amended Complaint, liberally construed, alleges violations of Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, and violations of Plaintiff's due process and equal protection rights. Plaintiff alleges that the State court's Title II Guidelines for the State Court System of Florida ("Guidelines") (Doc. 18-1) violate the ADA. (Am. Compl. ¶¶ 119–121). Plaintiff further alleges that the Guidelines provide a different standard for evaluating non-attorneys' requests for accommodations than is used for assessing attorneys' requests in violation of the Fourteenth Amendment. (*Id.* ¶ 118). Finally, Plaintiff alleges that the Florida court's use of PCAs violates the Fourteenth Amendment because it bars further review of claims. (*Id.* ¶¶ 123–125). Plaintiff requests to be certified as a class representative pursuant to Federal Rule of Civil Procedure 23 and seeks compensatory damages, attorney's fees and costs, and prospective injunctive relief. (*Id.* ¶¶ 129, 141–145). Plaintiff's Amended Complaint fails to state a claim upon which the Court may grant relief and will be properly dismissed.

### A.   ADA Claims

Plaintiff alleges that the Guidelines violate Title II of the ADA both "as written and as applied." (Am. Compl. ¶¶ 29, 135). Plaintiff's ADA Title II claims are barred by the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D. C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). "[T]he *Rooker-Feldman* doctrine operates as a bar to federal court jurisdiction where . . . (1) the success of the federal claim would effectively nullify the state court

judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012) (quotation omitted).

In order to state a claim for violation of Title II of the ADA, "the plaintiff must show disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability." *Kornblau v. Dade Cnty.*, 86 F.3d 193, 194 (11th Cir. 1996) (quotation omitted). Accordingly, Plaintiff must allege that she was wrongfully denied a public benefit because of her disability in order to state claim under the ADA. Plaintiff alleges she was denied access to the state courts. The Amended Complaint, however, specifically alleges that Plaintiff challenged the dismissal of her case to the DCA, where it was determined that Plaintiff was not wrongfully denied access to the trial court. Therefore, Plaintiff's ADA claims before this Court can succeed only to the extent that the State courts wrongly decided the ADA issue on direct appeal, and are, thus, barred by the *Rooker-Feldman* doctrine.

### B.  Constitutional (§ 1983) Claims

Plaintiff alleges that Defendant violated her due process and equal protection rights by denying her access to accommodations equal to those accommodations provided to attorneys, and by using PCAs, effectively prevented any further appeal. (Am. Compl. ¶¶ 40, 42, 56–57, 109). Plaintiff cannot bring these claims against the State of Florida because it enjoys Eleventh Amendment immunity to 42 U.S.C. § 1983 claims.

"Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Section 1983 "has been held not to be a Congressional abrogation of

the states' immunity from damage suits." *Id.* at 1512. Furthermore, Florida has not "consent[ed] to suit in federal court under § 1983." *Id.* at 1515.

"Under the doctrine of *Ex parte Young*, . . . however, there is a long and well-recognized exception to [Eleventh Amendment immunity] for suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (citation and emphasis omitted). Plaintiff cannot overcome Eleventh Amendment immunity under *Ex parte Young* because Plaintiff seeks relief solely from the State of Florida, not an officer thereof. Defendant is entitled to Eleventh Amendment immunity against Plaintiff's constitutional claims.

### C.      Leave to Amend

Federal Rule of Civil Procedure 15, calls for the liberal amendment of pleadings, "[h]owever, the court need not grant leave where the amendment would be futile." *Cox v. Mills*, 465 F. App'x 885, 889 (11th Cir. 2012). "An amendment is futile where the complaint as amended would still be subject to dismissal." *Id.* Plaintiff's Amended Complaint will be dismissed with prejudice because the amendment would be futile.

First, any claim Plaintiff attempts to bring under Title II of the ADA will be subject to dismissal under the *Rooker-Feldman* doctrine. As previously stated, in order to state a claim under the ADA, Plaintiff must allege that she was denied access to the state courts by reason of her disability. Plaintiff has already litigated the issue of accommodation in State court. Accordingly, this Court has no authority to review any ADA claim which is grounded on the State court's failure to accommodate Plaintiff.

Second, Plaintiff cannot overcome Eleventh Amendment immunity because Plaintiff cannot establish that her claims fall within the *Ex parte Young* exception. At the outset, Plaintiff

would have to state a claim against a state officer rather than the State. The judges who adjudicated Plaintiff's underlying actions, however, are immune for actions taken in their official capacities. *Tower v. Glover*, 467 U.S. 914, 920 (1984) ("The Court has recognized absolute § 1983 immunity . . . for judges acting within their judicial roles." (citations omitted)); *Pflaum v. Pflaum*, No. 6:06-cv-1760-Orl-19DAB, 2007 WL 853748, at *2 (M.D. Fla. Mar. 19, 2007) ("[J]udicial actions are entitled to absolute immunity. To the extent Plaintiff seeks . . . to question judicial decisions of state trial courts, [her] remedy (if any) is appeal through the state system.").

It is not entirely clear on the evidence before the Court what entity enacted the Guidelines. Plaintiff alleges the Florida Supreme Court enacted the Guidelines in its legislative or administrative capacity. (Am. Compl. ¶¶ 7, 11). The Guidelines, however, purport to have been written by the Office of the State Courts Administrator. (Guidelines at 1). In either case, to the extent that the drafting body was acting in a legislative capacity, it is also immune for official acts. *See Tower*, 467 U.S. at 920 (holding that § 1983 offers absolute immunity "for legislators acting within their legislative roles"); *see also Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 731–34 (1980) (extending legislative immunity to a state court acting in a legislative capacity).

Assuming the Guideline's enacting body would be a proper defendant, Plaintiff's claims would still fail because she lacks standing to seek prospective injunctive relief. "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (emphasis omitted). Plaintiff alleges that she "has been the victim of another auto accident and *could be* the victim of further disability discrimination" because, if she were to file a lawsuit,

"the action *would be* filed in the [state] court." (Am. Compl. ¶ 138 (emphasis added)). Plaintiff also alleges that she "had another court matter decided by a PCA in the past and *may* well [be issued another PCA in the future] based upon Florida's extensive use" of PCAs. (*Id.* ¶ 139 (emphasis added)). These allegations are too speculative to support standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of [an] 'actual or imminent' injury."). Plaintiff has not set forth allegations that she currently has any case pending in a state court, that she can or will in the near future file a lawsuit in state court, or that any previously filed case is or will likely be appealed in the future. Therefore, the *Ex parte Young* exception cannot apply because Plaintiff cannot seek prospective injunctive relief against a state officer.

Plaintiff cannot plead facts which would support a cause of action beyond the motion to dismiss stage and the Court will not grant leave to amend. Any claim predicated on past violations of the ADA would be barred by the *Rooker-Feldman* doctrine. Any claims for constitutional violations would be subject to dismissal under the Eleventh Amendment because no Eleventh Amendment exception applies to the facts which Plaintiff could allege.

## V.    CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss (Doc. 18) is **GRANTED**.

2.  All other pending motions are **DENIED as moot**.

3.  Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED with prejudice**. The clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 2, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party